# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION**

STEVEN IVANKOVICH,

Plaintiff,

v.

SCHILLER, DUCANTO, & FLECK, LLP, an Illinois limited liability partnership, and JOSEPH SEINITZ, an individual.

Defendants.
_____________________________________/

Case No. 1:25-cv-25402-KMW

Hon. Judge Kathleen M. Williams

Magistrate Judge Enjolique A. Lett

**DEFENDANT JOSEPH SEINITZ'S ANSWERS TO**
**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO**

Defendant, JOSEPH SEINITZ ("Seintz"), by and through his undersigned counsel, hereby answers Plaintiff's Second Set of Interrogatories and states as follows:

**INTERROGATORIES**

1. Specifically state and describe the contents of the file titled "20250426_092527_000_03)P.mp4" that you attached to an email to Tanya Stanish on April 26, 2025, attached as **Exhibit A**.

**RESPONSE: Pursuant to Fed. R. Civ. P. 33(d), a playable copy of the file referenced in Interrogatory No. 1 ("20250426_092527_000_03_P.mp4") has been produced.**

2. Identify all Communications or Documents which support Your answer to Plaintiff's Interrogatory No. 6 that Your access to the Islamorada Property Security Camera feed on April 28, 2025 was with actual Plaintiff's consent and authorization through employment.

**RESPONSE: It is uncontested that Seinitz was employed by Plaintiff and/or one or**

**more of the entities controlled and/or owned by Plaintiff and/or his family. It is further uncontested that Seinitz's job duties included the provision of security services, as reflected in various documents produced by the parties. *See, e.g.,* SEINITZ000243-247; 25-cv-25402_S_Ivankovich_0002553 – 2557.**

**As of April 28, 2025, Seinitz was still employed by Plaintiff and/or one or more of the entities controlled and/or owned by Plaintiff and/or his family. Therefore, he had his employer's consent and authorization to access the Security Camera on that date.**

3. Specifically state and describe with particularity all facts you communicated to the Schiller firm relating to your access to the Security Camera and any other surveillance of Plaintiff from February 2025 through the present.

**RESPONSE: When Seinitz reached out to the Schiller Firm late March/early April, he advised the Schiller firm (primarily through attorney Tanya Stanish) that he was employed by Plaintiff (and/or one or more of the entities controlled and/or owned by Plaintiff and/or his family) and through his employment, which included the provision of security services, had authorization to access to the Security Camera, as well as other security cameras installed at other properties owned by Plaintiff (and/or one or more of the entities controlled and/or owned by Plaintiff and/or his family).**

4. Identify any screenshots, audio, or video recordings you made of footage from the Security Camera, including the date and time of when you obtained the footage, and identify any third parties with whom you shared the footage or information obtained from the footage.

**RESPONSE: Pursuant to Fed. R. Civ. P. 33(d), Seinitz states that the only screenshots, audio, or video recordings responsive to Interrogatory No. 4 that he recalls**

**making have been produced by the Schiller Firm in this matter.**

5. Identify and describe the manner and means, and the devices used, to track Plaintiff's movements, whether at the Islamorada House or anywhere else, between January 1, 2025 and the present.

**RESPONSE: Seinitz objects to this interrogatory to the extent it misleadingly uses the phrase "track Plaintiff's movements." Subject to and without waiving the foregoing objection, Seinitz states that he was able, in April 2025, to receive Plaintiff's location on a few occasions using the mobile app association with the Islamorada House security camera, as well as through location sharing between Seinitz's and Plaintiff's cell phones.**

6. Please identify the following regarding your employment for Plaintiff, his parents, and their affiliates and entities: (a) the dates of your employment; (b) the employment title(s) and/or role(s) you held; (c) the reason for your departure; (d) the circumstances of your departure; (e) any and all suspensions from employment you received; and (f) any and all changes in role(s), title(s), or responsibilities of your employment during its existence.

**RESPONSE:**

**(a) Dates of employment: Seinitz began working for Plaintiff in or around 2019 (or possibly 2020) and continued working through sometime in May 2025.**

**(b) Title: Seinitz's was hired as director of security and as a consultant/advisor.**

**(c) Circumstances of Departure: Seinitz's employment ended sometime in May 2025. By that point, Seinitz could no longer tolerate the abuse and misconduct he witnessed from Plaintiff. Further, it had become clear that the boat operation which Seinitz was helping handle for Plaintiff was going to inevitably fail due to, amongst other things, Plaintiff's failure to pay the rent fees due to the Taylor Creek Marina in Fort Pierce, Florida. Emails and text messages show that Seinitz's employment continued into May 2025.**

**(d) Suspensions: Seinitz was suspended on time on March 1, 2025 through March 7, 2025. *See* 25-cv-25402_S_Ivankovich_0002546 – 2547.**

**(e) Seinitz objects to subparagraph (e) of this Interrogatory on the grounds that it is**

**unduly burdensome and overbroad in that it all of Seinitz's roles, titles, and responsibilities during his period of employment are not relevant to any claims or defenses in this case. Subject to and without waiving the foregoing objection, Seinitz states that at all times during his employment, Seinitz's responsibilities included the provision of security services for Plaintiff, his family, and the various entities controlled and/or owned by Plaintiff and/or his family.**

**(f) Seinitz's employment always included the provision of security services. Over time, he was tasked with additional responsibilities, such as overseeing yachts and/or a marina, as well as completing various miscellaneous tasks assigned to him by Plaintiff.**

7. Identify all individuals who you assert had access to the mobile application able to access data transmitted by the Security Camera which support Your answer to Paragraph 34 of Plaintiff's Amended Complaint.

**RESPONSE: Chuck Trapp, Olafur Hand, and James Ayule.**

8. Identify with particularity all services you contend you performed for Plaintiff, his parents, or any of their affiliates and entities each day starting on March 26, 2025 and continuing through April 28, 2025.

**RESPONSE: Seinitz objects to this request on the grounds that it is unduly burdensome in that it requires Seinitz to identify "with particularity" every service he provided each day over a more than 30-day period. Subject to and without waiving the foregoing objection, Seinitz states that during the referenced period, he oversaw work conducted by other members of Plaintiff's staff, helped conduct an inventory of Plaintiff's business operations at the marina in Fort Pierce sometime in mid or late April 2025, assisted in the maintenance and care of the boats being stored at the Fort Peirce marina, and was always available to assist in any security related issues, while also mentoring James Ayule who had been recently retained by Plaintiff to provide security services.**

Dated: April 13, 2026

/s/ Alexandra L. Tifford
Alexandra L. Tifford
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Citigroup Center
201 S. Biscayne Blvd., 20th Floor
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-7549

and

/s/Ramses Jalalpour
Ramses Jalalpour (admitted *pro hac vice*)
Illinois Bar No. 6313128
Email: rj@konicekdillonlaw.com
KONICEK & DILLON, P.C.
70 W. Madison St., Ste. 2060
Chicago, IL 60602
Telephone: (630) 672-3728
Facsimile: (630) 262-9659

*Attorneys for Defendant, Joseph Seinitz*

**VERIFICATION**

I declare under penalty of perjury that the foregoing Answers are true and correct to the best of my knowledge, information, and belief. Executed on April 13, 2026.

4/13/2026

Joseph Seinitz

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via email this 13th day of April, 2026 to Michael S. Budwick, Esq., Meland Budwick, P.A., 200 South Biscayne Blvd., Miami, Florida 33131, mbudwick@melandbudwick.com, Counsel for Plaintiff.

/s/ Ramses Jalalpour
Ramses Jalalpour