# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No.: 9:18-cv-80311-RJR/REINHART

DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delware limited liability company; and DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC, a Delware limited liability company,

Plaintiffs,

v.

US CONSUMER ATTORNEYS, P.A., et al ,

Defendants.
_______________________________________/

**DC CAPITAL LAW FIRM, LLP'S ANSWER, AFFIRMATIVE DEFENSES, AND <u>DEMAND FOR JURY TRIAL TO PLAINTIFFS' THIRD AMENDED COMPLAINT</u>**

Defendant, DC CAPITAL LAW FIRM, LLP ("Law Firm") by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby answer Plaintiffs' Third Amended Complaint and Demand for Jury Trial [D.E. 272], and assert Affirmative Defenses as follows:

**<u>Parties, Subject Matter and Personal Jurisdiction, and Venue</u>**

1. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

2. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

3. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

4. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

5. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

6. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

7. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

8. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

9. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

10. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

11. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

12. Law Firm admits to the allegations contained in Paragraph 12.

13. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

14. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

**Diamond Resorts™**

15. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

16. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

17. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

18. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

19. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

20. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

21. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

22. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

23. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

## Defendants and the Timeshare Exit Industry Generally

24. Law Firm is without knowledge of the allegations of this paragraph and therefore Law Firm denies these allegations and demand strict proof thereof.

25. The allegations of this paragraph are not directed toward Law Firm, and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

26. The allegations of this paragraph are not directed toward Law Firm, and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

27. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

28. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

29. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

30. The allegations of this paragraph are not directed toward Law Firm, and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

31. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

32. The allegations of this paragraph are not directed toward Law Firm, and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

**The USCA Defendants**

33. The allegations of this paragraph are not directed toward Law Firm, and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

34. The allegations of this paragraph, including all subsections, are not directed toward Law Firm, and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

35. The allegations of this paragraph are not directed toward Law Firm, and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

36. The allegations of this paragraph are not directed toward Law Firm, and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

37. The allegations of this paragraph, including all subsections, are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

38. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

39. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

40. The allegations of this paragraph, including all subsections and footnotes, are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

41. The allegations of this paragraph, including all subsections, are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

42. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

43. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

44. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

45. The allegations of this paragraph, including all subsections, are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

46. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

47. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

48. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

49. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

50. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

51. The allegations of this paragraph, including all subsections, are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

52. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

53. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

54. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

**The Newton Defendants and DC Capital**

55. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

56. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

57. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

58. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

59. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

60. The Third and third sentences of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof. Law Firm denies the allegations set forth in the second sentence of this paragraph and demands strict proof thereof.

61. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

62. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

63. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

64. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

65. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

66. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

67. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

68. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

69. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

70. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

71. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

72. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

73. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

74. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

**<u>Defendants Do Not Provide Legitimate Services to the Diamond Owners</u>**

75. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

76. The allegations of this paragraph are not directed toward Law Firm and therefore, no response is required. To the extent a response is required, Law Firm denies the same and demands strict proof thereof.

77. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

78. Law Firm denies the allegations set forth in this paragraph and demands strict proof thereof.

**COUNT I**
**Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)**
(against the USCA Defendants)

79. Law Firm reasserts and re-alleges the responses contained in paragraphs 1-78 above as if fully set forth herein.

80. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

81. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

82. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

83. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

84. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

85. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

86. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

87. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

88. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

89. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

90. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof. Law Firm further denies that Plaintiffs are entitled to an award of any relief or damages requested in the "PRAYER OF RELIEF" clause following Paragraph 90 of Plaintiffs' Third Amended Complaint.

**COUNT II**
**Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)**
(against the Newton Defendants)

91. Law Firm reasserts and re-alleges the responses contained in paragraphs 1-78 above as if fully set forth herein.

92. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

93. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

94. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

95. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

96. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

97. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

98. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

99. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

100. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

101. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

102. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof. Law Firm further denies that Plaintiffs are entitled to an award of any relief or damages requested in the "PRAYER OF RELIEF" clause following Paragraph 102 of Plaintiffs' Third Amended Complaint.

**COUNT III**
**Contributory False Advertising in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)**
(against USCA)

103. Law Firm reasserts and re-alleges the responses contained in paragraphs 1-78 above as if fully set forth herein.

104. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof

105. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

106. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

107. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

108. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

109. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

110. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

111. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

112. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

113. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof. Law Firm further denies that Plaintiffs are entitled to an award of any relief or damages requested in the "PRAYER OF RELIEF" clause following Paragraph 201 of Plaintiffs' Third Amended Complaint.

**COUNT IV**
**Contributory False Advertising in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)**
(against DC Capital & USCA)

114. Law Firm reasserts and re-alleges the responses contained in paragraphs 1-78 above as if fully set forth herein.

115. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

116. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

117. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

118. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

119. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

120. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

121. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

122. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

123. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

124. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof. Law Firm further denies that Plaintiffs are entitled to an award of any relief or damages requested in the “PRAYER OF RELIEF” clause following Paragraph 124 of Plaintiffs’ Third Amended Complaint.

**COUNT V**
**Tortious Interference with Contractual Relations**
(against the USCA Defendants)

125. Law Firm reasserts and re-alleges the responses contained in paragraphs 1-78 above as if fully set forth herein.

126. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

127. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

128. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

129. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

130. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

131. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

132. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

133. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

134. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

135. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof. Law Firm further denies that Plaintiffs are entitled to an award of any relief or damages requested in the "PRAYER OF RELIEF" clause following Paragraph 135 of Plaintiffs' Third Amended Complaint.

**COUNT VI**
**Tortious Interference with Contractual Relations**
(against the Newton Defendants and DC Law)

136. Law Firm reasserts and re-alleges the responses contained in paragraphs 1-78 above as if fully set forth herein.

137. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

138. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

139. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

140. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

141. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

142. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

143. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

144. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

145. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

146. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof. Law Firm further denies that Plaintiffs are entitled to an award of any relief or damages requested in the "PRAYER OF RELIEF" clause following Paragraph 146 of Plaintiffs' Third Amended Complaint.

**COUNT VII**
**Civil Conspiracy**
(against all Defendants)

147. Law Firm reasserts and re-alleges the responses contained in paragraphs 1-78 above as if fully set forth herein.

148. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

149. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

150. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

151. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

152. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

153. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

154. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

155. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

156. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

157. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

158. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

159. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof. Law Firm further denies that Plaintiffs are entitled to an award of any relief or damages requested in the "PRAYER OF RELIEF" clause following Paragraph 159 of Plaintiffs' Third Amended Complaint.

**COUNT VIII**
**Violations of Florida's Deceptive and Unfair Trade Practices Act**
(against all Defendants)

160. Law Firm reasserts and re-alleges the responses contained in paragraphs 1-78 above as if fully set forth herein.

161. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.


COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

162. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

163. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

164. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

165. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

166. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

167. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

168. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

169. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

170. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof.

171. Law Firm denies the allegations contained in this paragraph and demands strict proof thereof. Law Firm further denies that Plaintiffs are entitled to an award of any relief or damages requested in the "PRAYER OF RELIEF" clause following Paragraph 171 of Plaintiffs' Third Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Third Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands and/or *in pari delicto*. Specifically, Plaintiffs train their sales agents to use unethical, false and misleading, high-pressure sales tactics to persuade unsuspecting timeshare owners into contracts with Plaintiffs to the consumers' financial detriment. Indeed, Plaintiffs, through their sales agents, routinely keep customers in sales presentations for extended periods of time, during which the sales agents make misrepresentations regarding the timeshare process, size, configuration, amenities, costs, fees, and attendant ownership in their efforts to persuade and force unsuspecting customers to purchase timeshare contracts. Additionally, Plaintiffs utilize deceptive advertising and marketing practices that portray timeshares as lucrative real estate investment(s). However, in reality, the timeshares are difficult, if not impossible, to book, rent, and sell such timeshares. Similarly, Plaintiffs misrepresent their buyback program, Transitions, to timeshare owners.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by application of Florida's litigation immunity privilege. Any and all alleged acts or statements by Law Firm were made in the course of, or necessarily preliminary to, any underlying judicial or quasi-judicial proceeding, and in the context of an attorney-client relationship. Therefore, any and all alleged acts or statements by Law Firm are immunized.

### Third Affirmative Defense

Plaintiffs' Third Amended Complaint is barred, in whole or in part, by Plaintiffs' lack of standing. Plaintiffs lack privity with the Law Firm, and therefore, lack standing to assert claims

against Law Firm for any alleged wrongdoing related to any legal services rendered to Law Firm's clients. Similarly, Plaintiffs lack statutory standing to pursue a cause of action against these Defendants under the Lanham Act, and Florida's Deceptive and Unfair Trade Practices Act. Moreover, Plaintiffs lack the requisite standing to assert a claim for Contributory False Advertising under the Lanham Act as Plaintiffs cannot establish an actual injury to a commercial interest and/or that such injury was proximately caused by Law Firm's purported participation in any alleged false advertisement.

**Fourth Affirmative Defense**

Law Firm asserts that Plaintiffs' cause of action for tortious interference with contractual relationship fails on the basis that Law Firm was acting within the course and scope of its agency relationship with its clients. Any purported "interference" with these contractual relationships was privileged, justified, and occurred within the confines of the attorney-client relationships, at the direction of the client.

**Fifth Affirmative Defense**

Plaintiffs' claims against this Law Firm are barred because Law Firm, as the attorney and agent of each of its clients, was party to the contracts of its clients and consequently could not have interfered or conspired to interfere with its own contracts.

**Sixth Affirmative Defense**

Law Firm asserts that the alleged damages, if any, which Plaintiffs has suffered are caused in whole or in part by the acts or omissions of Plaintiffs or Plaintiffs' own timeshare sales representatives and marketing representatives who pressure, induce, and coerce consumers to purchase timeshares by using high-pressure sales tactics.


**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**Seventh Affirmative Defense**

Law Firm asserts that Plaintiffs' claims are barred, in whole or in part, by Law Firm's Constitutional Rights under the U.S. Constitution and the Florida Constitution. Specifically, Plaintiffs seek to prohibit and enjoin Law Firm from exercising its rights to speak, its right to petition, and its right to practice law and contract with clients to represent the interests of the clients in legal disputes. Indeed, Plaintiffs' lawsuit is designed to interfere with Law Firm's duly licensed practice of law and right to freely conduct business in the jurisdiction which they are legitimately entitled to work and practice law.

**Eighth Affirmative Defense**

Law Firm asserts that Plaintiffs' claims are barred by laches, in that Plaintiffs unreasonably delayed efforts to enforce its rights, if any, despite its knowledge of Law Firm's alleged actions for an extended period of time as asserted in the Third Amended Complaint.

**Ninth Affirmative Defense**

Law Firm asserts that Plaintiffs' claims are barred by the doctrines of waiver, acquiescence, and estoppel, including but not limited to engaging in settlement negotiations and entered into settlements with Law Firm's clients to rescind, terminate, exit, and/or take back timeshare obligations/contracts. Plaintiffs have waived, acquiescence, and are otherwise estopped from claiming damage or harm as a result of the actions in which they willingly acquiesced and agreed to settle with Law Firm.

**Tenth Affirmative Defense**

Law Firm asserts that Plaintiffs' claims are barred to the extent they seek equitable relief, as Plaintiffs have an adequate remedy at law.


**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**Eleventh Affirmative Defense**

Law Firm asserts that Plaintiffs' claims are barred to the extent Plaintiffs cannot show that it will suffer any immediate or irreparable harm from Law Firm's activities.

**Twelfth Affirmative Defense**

Law Firm asserts that Plaintiffs' claims against Law Firm are barred by the doctrine of judgmental immunity.

**Thirteenth Affirmative Defense**

Law Firm asserts that Plaintiffs' claims are barred by the Noerr Pennington doctrine. This defendant is a law firm and the alleged wrongful conduct of Law Firm is reasonably attendant to providing legal services and was for the purpose of securing a favorable outcomes for Plaintiffs' owners and to protect and advance those owners' legal rights.

**Fourteenth Affirmative Defense**

Law Firm asserts that Plaintiffs' claims is barred, in whole or in part, by Plaintiffs' failure to mitigate its damages or reasonably attempt to mitigate damages. To be sure, Plaintiffs are able to quickly recover ownership of the timeshare properties, resell them, and recover any alleged damage purportedly caused by Law Firm.

**Fifteenth Affirmative Defense**

Law Firm asserts that the Third Amended Complaint is barred to the extent its claims are based upon alleged statements by Newton Defendants that are non-actionable puffery and/or statements of opinion.

**Sixteenth Affirmative Defense**

Law Firm asserts that the Plaintiffs' purported injuries are not within the zone of interest and/or not proximately caused by violations of the Lanham Act. Plaintiffs have sustained no


COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

injury to a commercial interest in reputation or sales as a result of any purported false advertising by Newton Defendants or purported contributory false advertising of Law Firm.

**Seventeenth Affirmative Defense**

Law Firm asserts that Plaintiffs' Lanham Act claim is barred because, and to the extent of, a lack of proximate causation. Any purported economic or reputational damage to Plaintiffs did not flow directly from the deception by the Newton Defendants' advertising or any purported contributory false advertising of Law Firm.

**Eighteenth Affirmative Defense**

Law Firm asserts that Plaintiffs' FDUTPA claim is barred to the extent that it concerns acts outside of the State of Florida. Pursuant to the commerce clause of the U.S. Constitution, the Florida legislature cannot project its legislation into and regulate conduct in other States.

**Nineteenth Affirmative Defense**

Law Firm asserts that Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

**Twentieth Affirmative Defense**

Law Firm asserts that Plaintiffs' claims are barred, in whole or in part, because Law Firm is not liable for the acts of other over whom it has no control.

Law Firm reserves the right to assert additional affirmative defense based upon information learned or obtained during the pendency of this litigation.

**DEMAND FOR JURY TRIAL**

Law Firm hereby demands a trial by jury on all issues so triable.

Case 1:25-cv-25432-KMW Document 28-1 Entered on FLSD Docket 09/15/2026 Page 26 of 27



Dated: August 16, 2019

COLE SCOTT & KISSANE, P.A.
222 Lakeview Avenue Suite 120
West Palm Beach, FL 33401
Tel: (561) 383-9200
Fax: (561) 683-8977
jonathan.vine@csklegal.com;
Sheena.Smith@csklegal.com

*/s/ Sheena D. Smith*
JONATHAN VINE
FBN: 010966
SHEENA D. SMITH
FBN: 118919

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August 2019, I that the foregoing document is being served this day on all counsel of record identified on the attached Service List via email.

*/s/ Sheena D. Smith*
Sheena D. Smith

## SERVICE LIST

Brandon Crossland, Esq.
Julie Brady, Esq.
Catherine E. Woltering, Esq. *(Pro Hac Vice)*
**BAKER & HOSTETLER LLP**
200 S Orange Ave #2300
PO Box 112
Orlando, FL 32802-0112
bcrossland@bakerlaw.com
jsingerbrady@bakerlaw.com
cwoltering@bakerlaw.com
*Counsel for Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC*

Matthew Fornaro, Esq.
**MATTHEW FORNARO, P.A.**
11555 Heron Bay Boulevard, Suite 200
Coral Springs, Florida 33076
mfornaro@fornarolegal.com
*Counsel for US Consumer Attorneys, P.A., Henry Portner, Robert Sussman, Pluto Marketing, Inc. & 1Planetmedia, Inc*

Javier A. Lopez, Esq.
Dwayne A. Robinson, Esq.
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
jal@kttlaw.com
nm@kttlaw.com
drobinson@kttlaw.com
ems@kttlaw.com

Jeffrey Wittenberg, Esq. (*Pro Hac Vice)*
**WITTENBERG LAW APC**
401 Wilshire Blvd., Floor 12
Santa Monica, CA 90401
jeffrey@wittenberglawyers.com

Ryan J. Clarkson, Esq. (*Pro Hac Vice)*
**CLARKSON LAW FIRM, P.C.**
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
rclarkson@clarksonlawfirm.com
*Counsel for Newton Group Transfers, LLC, Newton Group Exit, LLC, The Newton Group, ESA LLC, and Interval Broker Direct, LLC.*