**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 25-cv-25402-WILLIAMS-LETT**

**STEVEN IVANKOVICH,**

Plaintiff,

v.

**SCHILLER DUCANTO & FLECK LLP,** *et al.*,

Defendants.
____________________________________________/

**ORDER GRANTING IN PART PLAINTIFF'S ORE TENUS MOTION TO QUASH OR FOR PROTECTIVE ORDER AS TO THE MCSO SUBPOENA**

THIS CAUSE comes before the Court upon Plaintiff's *Ore Tenus* Motion to Quash or for Protective Order as to the Monroe County Sheriff's Office Subpoena [ECF No. 44] (the "Motion"). On April 16, 2026, the Court held its ruling on the Motion in abeyance pending an *in camera* review of the responsive documents. *See* Order, ECF No. 47. The Court, having reviewed the Motion, heard argument of counsel at the scheduled Discovery Hearing held on April 16, 2026 ("Discovery Hearing") [ECF No. 45], conducted its *in-camera* review, and being otherwise duly advised in the premises, hereby **ORDERS** and **ADJUDGES** that the Motion is **GRANTED *in part*** and **DENIED *in part*** for the reasons stated on the record and below.

## LEGAL STANDARD

A subpoena served pursuant to Federal Rule of Civil Procedure 45 is limited by the relevancy requirement of the federal discovery rules. *Davis v. Nationwide Ins.*

*Co. of Am.*, No. 19-CV-80606, 2020 WL 7480819, at *3 (S.D. Fla. Dec. 18, 2020) (citing *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020)). "Thus, in considering a Rule 45 subpoena discovery dispute, the Court applies the relevancy and proportionality standards in Rule 26(b)(1)." *Id.* "Under Rule 26, parties may obtain discovery regarding nonprivileged matters relevant to a party's claim or defense and proportional to the needs of the case…" *Wendy's Netherlands B.V. v. Levy*, No. 26-14162-MC, 2026 WL 1649603, at *3 (S.D. Fla. May 27, 2026), *report and recommendation adopted*, No. 26-14162-MC, 2026 WL 1651388 (S.D. Fla. June 8, 2026). A court considers, amongst other things, "the importance of the issues, the parties' relative access to information, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

## ANALYSIS

In the instant case, Plaintiff seeks to quash Request Nos. 2 and 3 of Defendants' Third-Party Subpoena served on non-party Monroe County Sheriff's Office ("MCSO"). *See* Joint Mot. Disc. Hearing at 2, ECF No. 38. The requests seek all audio recordings and accompanying transcripts made or received by Plaintiff while an inmate at the Monroe County Detention Facility ("MCDF") from April 28, 2025, through June 2, 2025. *See* Subpoena at 2, ECF No. 38-2. Plaintiff alleges these requests are overbroad, irrelevant, and not proportional to the needs of the case as Plaintiff's privacy interests surrounding his conversations while an inmate at MCDF overcome any relevant information that may be found in these conversations, *inter alia*. Joint Mot. Disc. Hearing at 2-3.

Defendants contend that the calls are relevant to this dispute and will establish the following: 1) whether Plaintiff exhibited "mental anguish" while incarcerated, as alleged in his Amended Complaint, 2) whether Plaintiff had the necessary funds to pay the purge amount and be released from custody, and 3) whether Defendant Joseph Seinitz was terminated by Plaintiff prior to his arrest[1].

As stated during the April 16, 2026 Discovery Hearing, the Court finds Defendants' arguments compelling and agrees that Plaintiff's jail calls may directly prove or disprove many allegations within the Amended Complaint. *See* Fed R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…"); *see also Onemata Corp. v. Rahman*, No. 20-62002-CIV, 2021 WL 5175657, at *2 (S.D. Fla. Oct. 26, 2021); *Rep. of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013) ("the Federal Rules of Civil Procedure strongly favor full discovery whenever possible"). Following an *in camera* review of the calls, there are calls that fall within the permissible scope of discovery and are responsive to the Defendants' subpoena.

Bearing in mind Plaintiff's privacy interests, however, the Court endeavored to conduct an *in-camera* review of Plaintiff's MCDF phone conversations and identify any attorney-client privileged conversations prior to Defendant's receipt thereof. Having done so, the court identifies the following privileged phone conversations by "CSN" number:

[1] Plaintiff alleges Joseph Seinitz improperly accessed Plaintiff's security camera without his knowledge or consent (*see generally* Am. Compl.). Defendants contend such an allegation may be disproven if Defendant Seinitz was lawfully employed as Plaintiff's security guard while accessing this security camera.

1. 92535234
2. 92537510
3. 92541018
4. 92544860
5. 92545180
6. 92546648
7. 92552404
8. 92553922
9. 92559060
10. 92564604
11. 92569170
12. 92571008
13. 92574262
14. 92575234
15. 92576078
16. 92577246
17. 92580750
18. 92582430
19. 92585044
20. 92588254
21. 92590628
22. 92592298
23. 92594780
24. 92600374
25. 92605166
26. 92611312
27. 92611728
28. 92612002
29. 92612256
30. 92613138
31. 92619086
32. 92619538
33. 92621314
34. 92622414
35. 92628024
36. 92628984
37. 92629132
38. 92632222
39. 92636464
40. 92636638
41. 92637998
42. 92645082
43. 92645438
44. 92647938
45. 92650484
46. 92650608
47. 92655626
48. 92656248
49. 92657544
50. 92657694
51. 92660278
52. 92663578
53. 92667692
54. 92668938
55. 92669542
56. 92670640
57. 92673660
58. 92677792
59. 92682702
60. 92687854
61. 92688046
62. 92689616
63. 92691984
64. 92697896
65. 92706020
66. 92706292
67. 92709974
68. 92714668
69. 92714884

This Order is a guide and should not be deemed an exhaustive list of all privileged conversations produced by MCSO.

Accordingly, the Motion is **GRANTED *in part* and DENIED *in part***. The Court will provide the flash drive containing Plaintiff's MCDF phone conversations to Plaintiff's counsel for a further review of any privileged conversations. Within fourteen (14) days thereof, Plaintiff shall produce any non-privileged conversations to Defendants in addition to a privilege log delineating any withheld discovery.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 6th day of October, 2026.

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record